UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

ARRELLO BARNES,

                       Petitioner,

           -against-

JOHN BURGE, Superintendent, Auburn
Correctional Facility, et al.,


                     Respondent.
------------------------------------------------------------------------X

**MEMORANDUM & ORDER**

03-CV-1475 (NGG)

NICHOLAS G. GARAUFIS, United States District Judge.

       By memorandum and order ("M&O") dated October 17, 2008, this court denied the

application of pro se Petitioner Arrello Barnes ("Petitioner") for a writ of habeas corpus pursuant

to 28 U.S.C. § 2254 ("Petition"). (M&O (Docket Entry #46).) On November 6, 2008, Petitioner

filed a Notice of Appeal to the Second Circuit regarding this court's M&O denying the Petition.

(Docket Entry #48.) On December 31, 2008, Petitioner filed a Motion for Reconsideration with

this court regarding the October 17 M&O. (Pet. Mot. (Docket Entry #49).) Petitioner's Motion

addresses one issue in the court's M&O and raises two new grounds for relief not in the initial

Petition; Petitioner attached with the Motion a new petition under 28 U.S.C. § 2254 ("New

Petition") attacking the same conviction on these two new grounds. (Pet. Mot. and New Pet.)

For the reasons below, to the extent Petitioner seeks reconsideration of this court's M&O,

Petitioner's Motion is DENIED. To the extent Petitioner's Motion concerns his new claims for

relief, the Motion and New Petition are transferred to the court of appeals for certification.

## I. **Standard**

A motion for reconsideration under Rule 60(b) of the Federal Rules of Civil Procedure must be based on one of the following grounds: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that could not have been discovered in time to move for a new trial; (3) fraud, misrepresentation, or misconduct by the adverse party; (4) the judgment is void; (5) the judgment is satisfied, released, or discharged, or a prior judgment on which it was based has been vacated; or (6) "any other reason justifying release from the operation of the judgment." Fed. R. Civ. P. 60(b); Harris v. United States, 367 F.3d 74, 80 (2d Cir. 2004). "[D]espite its open wording," the last of those grounds "has been narrowly cabined" by the Second Circuit. Harris, 367 F.3d at 80.

When claims in a Rule 60(b) motion attack the integrity of the underlying conviction, rather than the previous habeas proceeding, it is the equivalent of a successive habeas petition. Gonzalez v. Crosby, 545 U.S. 524, 530 (2005). The court may deny those claims as "beyond the scope of Rule 60(b)," Gitten v. United States, 311 F.3d 529, 534 (2d Cir. 2002), or it may consider converting those grounds to a successive petition to be transferred to the court of appeals for certification.[1] Harris, 367 F.3d at 82. However, before a court may convert the motion for reconsideration to a second or successive habeas petition, notice must be provided to the petitioner, who must be given the opportunity to choose either to avoid transfer by withdrawing that portion of the 60(b) motion or to frame his arguments to meet the strict gatekeeping requirements for successive habeas petitions. See id.; see also 28 U.S.C. § 2244(b)(2) (describing requirements for successive habeas petitions).

---

[1] The district court lacks jurisdiction to consider a second or successive habeas petition unless authorized by the court of appeals. 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the motion.").

## II.   DISCUSSION

As noted above, Petitioner seeks reconsideration of only one issue that this court

addressed in its M&O denying the initial Petition: whether trial counsel was ineffective under the

Constitution for failing to interview several witnesses.  (Pet. Mot. 6.)  Petitioner alleged that

these witnesses were purportedly going to testify that Petitioner's cousin told them that he – the

cousin – had committed the murder for which Petitioner was on trial, that the cousin had no

knowledge of Petitioner's presence at the scene of the crime that day, and that the cousin shot

Petitioner by accident as Petitioner was coming out of a store.  (M&O 8.)  This court considered

this claim on the merits and rejected it.  (Id. at 7-8.)  Petitioner's Rule 60(b) Motion presents the

same arguments that this court rejected in its previous M&O.  The court therefore denies

Petitioner's Motion for Reconsideration for the same reasons set forth in the previous M&O.[2]

Regarding the new grounds for relief and the New Petition attached to Petitioner's

Motion, Petitioner asserts (1) ineffective assistance of trial counsel, for failing to object to a

"twin count indictment" that subjected him to double jeopardy; and (2) ineffective assistance of

appellate counsel.  (Mot. 1-3.)  Petitioner explicitly presents these claims as additional claims not

considered in the previous M&O, attaches the New Petition detailing the claims, and briefs them

in his Motion.  (See Mot. 1 ("Petitioner is requesting a reconsideration motion for the Court's

decision rendered October 17, 2008.  Petitioner is also raising two additional issues that were

ruled on by the State's highest Court's [sic].").)  Because these two new claims clearly constitute

a second or successive habeas petition and seem to be presented as such by Petitioner, the court

---

[2] Petitioner also contends that the court should have provided an evidentiary hearing because the evidence relating to those witnesses was newly discovered. (Pet. Mot. 6-7.) An evidentiary hearing was unnecessary, however, because the court assumed the truth of Petitioner's assertions regarding the content of the newly discovered evidence:

> [e]ven if it were true that these witnesses did come forward to Petitioner's counsel, counsel would have reasonably found their testimony to be preposterous and therefore not helpful to Petitioner. In any case, their testimony would have been inadmissible as hearsay.  Counsel therefore . . . acted reasonably in declining to interview or call these witnesses at trial.

(M&O 8.)

3

transfers the New Petition to the court of appeals. <u>Harris</u>, 367 F.3d at 82; 28 U.S.C. 2244(b)(3)(A). While <u>Harris</u> provided that notice must be provided to the petitioner where the court converts a motion for reconsideration to a second or successive habeas petition, 367 F.3d at 82, notice of the court's intention is not necessary here, because Petitioner has already attached the New Petition under Section 2254 and briefed those claims. (<u>See</u> Second Pet.)

## III. CONCLUSION

To the extent Petitioner seeks reconsideration of this court's M&O, Petitioner's Motion is DENIED. To the extent Petitioner's Motion concerns the attached New Petition, the Motion and New Petition are transferred to the court of appeals for certification.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York        NICHOLAS G. GARAUFIS
March 6, 2009        United States District Judge