UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
   ARRELLO BARNES,

                               Petitioner,

          -against-

JOHN BURGE, Superintendent, Auburn Correctional
Facility,

                               Respondent.

**MEMORANDUM & ORDER**

**03-CV-1475 (NGG) (CLP)**

-----------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

On March 24, 2003, Arrello Barnes ("Barnes"), an inmate at the Auburn Correctional Facility, filed a *habeas corpus* petition challenging his murder and robbery convictions in New York State court. (Pet. (Docket Entry # 1).) After a protracted litigation history – which the court declines to recount here – the court denied Barnes's petition on October 20, 2008. (Docket Entry # 46.) Barnes then filed another petition for *habeas corpus*, and the court transferred Barnes's petition to the U.S. Court of Appeals for the Second Circuit under 28 U.S.C. § 2244(b) as a "successive petition." (Docket Entry # 52.) The Court of Appeals, concluding that Barnes's second petition was not "successive," under 28 U.S.C. § 2244(b), remanded Barnes's petition to this court for "whatever further action the District Court finds appropriate." (Docket Entry # 53.) The court then construed Barnes's second petition as a motion to amend his prior petition, and denied that motion. (Docket Entry # 68.) Barnes then filed a notice of appeal.[1] (Docket Entry # 69.) Barnes now moves the court to reconsider its denial of his motion to amend his petition (Docket Entry # 70), and to appoint him counsel for "discoveries Procedures, investigation and Preparations" (Docket Entry # 71). For the reasons set forth below, Barnes's motions are denied.

---

[1] Despite the filing of the notice of appeal, the court retains jurisdiction to rule on Barnes's motions. See Gaudagni v. N.Y.C. Transit Auth., No. 08-CV-3163 (CPS), 2009 WL 750224, at *2 n. 3 (E.D.N.Y. Mar.19, 2009).

1

## I. DISCUSSION

### A. Barnes's Motion for Reconsideration

Local Civil Rule 6.3 requires a motion for reconsideration to be filed "within fourteen (14) days after the entry of the court's determination of the original motion." S.D. & E.D.N.Y. Civ. R. 6.3. The court issued its Memorandum and Order on August 26, 2010. (Docket Entry # 68.) Barnes's filed his motion for reconsideration on September 16, 2010, twenty-one days after the court's order. (Docket Entry # 70.) Barnes's motion for reconsideration is, therefore, untimely. Barnes's motion is denied.

### B. Barnes's Motion to Appoint Counsel

Barnes moves the court to appoint him counsel for "discoveries Procedures, investigation and Preparations." (Docket Entry # 71.) Barnes cites 18 U.S.C. § 3006A, regarding the appointment of counsel in criminal actions, to support his assertion that he is entitled counsel. First, the statute Barnes cites pertains solely to criminal actions; Barnes's *habeas corpus* petition is civil in nature. See Mayle v. Felix, 545 U.S. 644, 654 n.4 (2005). Second, for the court to appoint Barnes counsel in his civil action, Barnes must first make at least a "threshold showing of some likelihood of merit." Johnston v. Genessee Cnty. Sheriff Maha, 606 F.3d 39, 41 (2d Cir. 2010). As this court's several Memoranda and Orders show, Barnes has not made this threshold showing. Barnes's motion for the appointment of counsel is therefore denied.

## II. CONCLUSION

For the reasons discussed above, Barnes's motion for reconsideration is DENIED. Barnes's motion for the court to appoint him counsel is similarly DENIED.

SO ORDERED.

Dated: Brooklyn, New York
November 3&, 2010

s/Nicholas G. Garaufis

NICHOLAS G. GARAUFIS
United States District Judge

2